UNITED STATES, to Use of GIBSON LUMBER CO., v. BOOMER et al.

(Circuit Court of Appeals, Eighth Circuit. December 19, 1910.)

No. 3,306.

1. LIMITATION OF ACTIONS (§ 130*)— NEW ACTION — ACTION ON CONTRACTOR'S BOND—JURISDICTION.

Act Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), as amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1909, p. 948), requiring contractors for government work to give bonds, and giving persons furnishing labor or materials a right of action on the bond to recover therefor, expressly requires such action to be brought "in the name of the United States in the Circuit Court of the United States in the district in which said contract was to be performed * * * and not elsewhere," and that it shall be commenced "within one year after the performance and settlement of said contract and not later." Held, that the jurisdiction of such court to enforce the remedy given is exclusive, and that the commencement of an action on such a bond in a state court of Colorado, which was afterward dismissed, did not extend the time for bringing a new action in the federal court by virtue of Mills' Ann. St. Colo. § 2917, which in certain cases of dismissal permits a new action to be brought within one year thereafter.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 130.*]

2. COURTS (§ 375*)—FEDERAL COURTS—STATE LAWS AS RULES OF DECISION.

It is only where the Constitution, treaties, or statutes of the United States do not otherwise require or provide that the laws of the several states are to be taken as rules of decision in trials at common law in

the federal courts in cases where they apply, under Rev. St. § 721 (U. S. Comp. St. 1901, p. 581); and where a statute of the United States giving a remedy imposes a limitation on an action thereunder, the statute of limitations of the states have no application.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 375.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

In Error to the Circuit Court of the United States for the District of Colorado.

Action at law by the United States, for the use of the Gibson Lumber Company, against L. E. Boomer and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Allen M. Lambright, for plaintiff in error.

H. L. Lubers and C. E. Sydner, for defendants in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge. This action was commenced to recover the sum of $439.35 from defendants in error as principal and sureties upon a bond given by them to the United States in order to secure the faithful performance of a contract made between the United States and L. E. and E. R. Boomer for furnishing labor and materials for the construction and completion of additions to officers' quarters at the New Ft. Lyon Naval Hospital grounds at New Ft. Lyon, Colo., and dated June 30, 1907. The bond was given and conditioned in accordance with the requirements of Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1909, p. 948). There was a demurrer to the complaint, which was sustained, and, plaintiff in error electing to stand upon the complaint, a final judgment dismissing the action was entered.

One of the grounds of the demurrer was that it appeared from the complaint that the action had not been commenced within one year after the performance and final settlement of the contract above mentioned. The law which authorizes the present action, so far as is material to the questions raised on this record, reads as follows:

"If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit to the department under the direction of which said work has been prosecuted that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be, and are hereby, authorized to bring suit in the name of the United States in the Circuit Court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere, for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution: Provided, that where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later."

It appears from the complaint in this action that it was not commenced within one year after the performance and final settlement of the contract between L. E. and E. R. Boomer and the United States, and therefore not within the time fixed by law above quoted. It does appear from the complaint that a similar action was commenced April 4, 1908, in the district court of Colorado in and for the county of Bent, which was within the time provided by law. This last-mentioned action was dismissed by the state court April 13, 1909. The present action was commenced June 19, 1909.

Section 2917, vol. 2, Mills' Ann. St. Colo. provides as follows:

"If in any action duly commenced within the time herein limited, and allowed therefor, the process shall fail of a sufficient service or return, by any unavoidable accident or by any default or neglect of the officer to whom it was committed, or if the process shall be abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form, or if, after the verdict for plaintiff, the judgment shall be reversed on writ of error the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after the reversal of the judgment therein."

Section 721, Rev. St. U. S. (U. S. Comp. St. 1901, p. 581), which is familiar law, reads as follows:

"The laws of the several states, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

It is contended by plaintiff in error: First, that chapter 778, 33 Stat. 811, herein quoted, does not limit the right of action thereby conferred to the United States Circuit Court for the District of Colorado; second, that the commencement of the action in the district Court of Colorado in and for the county of Bent was a compliance with the conditions imposed by the law giving the right of action; third, that section 2917, vol. 2, Mills' Ann. St., herein quoted, permitted the commencement of a new action within one year after the dismissal of the action in the state court.

We do not stop to discuss the question as to whether the cause or causes for the dismissal of the action in the district court for Bent county would bring plaintiffs in error within the provisions of the state statute, for we are satisfied that it has no application to the case at bar. We think the first contention of plaintiff in error is unsound. Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1909, p. 948), is an amendment of Act Aug. 13, 1894, c. 280, 28 Stat. 278, (U. S. Comp. St. 1901, p. 2523), and one purpose of its enactment was to settle disputed questions which had arisen under the former law. It had been held under chapter 280, 28 Stat. 278, that the action therein provided for could be brought in a state or federal court, and that when brought in the federal court the amount in controversy must be over $2,000, exclusive of interest and costs. United States, to the Use of Edward Hines Lumber Company, v. Henderlong et al. (C. C.) 102 Fed. 2. It had also been held under the same law that the action therein provided for could not be brought in any other district than the one of which the defendant was an inhabitant.

United States, to the Use of Brady et al., v. O'Brien et al. (C. C.) 120 Fed. 446. In United States Fidelity & Guaranty Company v. United States, to the Use of Kenyon, 204 U. S. 349, 27 Sup. Ct. 381, 51 L. Ed. 516, it was held that in the action provided by the former law, the United States was the real party in interest, and that the United States Circuit Court had jurisdiction without regard to the value of the matter in dispute. The case of Davidson Bros. Marble Company v. U. S. ex rel. Gibson, 213 U. S. 10, 29 Sup. Ct. 324, 53 L. Ed. 675, was an action brought under the former law in the United States Circuit Court for the Northern District of California, against the Marble Company, a citizen of Illinois. Justice Moody, in delivering the opinion of the court, said:

"The decision of the court below proceeds upon the erroneous assumption that Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1909, p. 948), was retrospective. That act amended the act of 1894, in several important particulars, which it is not necessary to state, and provided specifically that a suit upon the bond should be brought by one furnishing labor and materials, in the name of the United States, in the Circuit Court of the United States, in the district where the contract with the United States was to be performed, and not elsewhere. As this suit was brought after the passage of the amending act, it was brought in the only district where it could be maintained if the amending act were retrospective."

In the cases of Hill v. American Surety Company, 200 U. S. 197, 26 Sup. Ct. 168, 50 L. Ed. 437, and United States Fidelity & Guaranty Company v. United States, to the Use and Benefit of Struthers Wells Company, 209 U. S. 307, 28 Sup. Ct. 537, 52 L. Ed. 804, it was assumed that chapter 778, 33 Stat. 811, herein quoted, limited the right to sue to the United States Circuit Court of the district where the contract was to be performed. It is very evident to us that the purpose of the amendment contained in the later law was to fix definitely where the action provided for therein should be brought, and we think Congress in express terms has limited the right to bring the action to the United States Circuit Court of the district where the contract is to be performed and executed. We also think that the Supreme Court expressly so decided in Davidson Bros. Marble Company v. United States ex rel. Gibson, supra. It results from this view of the law that the action commenced in the district court of Bent county was in no sense a compliance with the terms of the statute which created the right of action.

Plaintiff in error further contends that if the law be as above stated that it is entitled to invoke the provisions of Section 2917, vol. 2, Mills' Ann. St. Colo., by reason of section 721, Rev. St. U. S., above quoted. As we have before stated, we do not think the law of Colorado applies in this case, first, because for reasons hereinbefore stated there was no action duly commenced within the time limited by law within the meaning of chapter 778, 33 Stat. 811, and, second, because, when the United States have enacted a statute of limitation as to a cause of action created by them, there is no room for the application of a statute of limitation prescribed by another sovereignty. It is only where the Constitution, treaties, and statutes of the United States do not otherwise require or provide that the laws of the several states

shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply. In Hawkins et al. v. Barney's Lessee, 5 Pet. 457, 8 L. Ed. 190, it was said:

"It is not to be questioned that laws limiting the time of bringing suit constitute a part of the lex fori of every country. They are laws for the administering justice—one of the most sacred and important sovereign rights and duties—and a restriction which must materially affect both legislative and judicial independence."

The fixing of a period of one year in chapter 778, 33 Stat. 811, within which the action created by that statute should be commenced, was an exercise of the sovereign power of the United States, and may not be repealed or modified by state legislation. It is true that the courts of the United States, in the absence of legislation upon the subject by Congress, recognize the statutes of limitations of the several states and give them the same construction and effect which are given by the local tribunals. But in the case at bar Congress chose to enact its own statute of limitation, and hence section 721, Rev. St. U. S. does not apply. We are also of the opinion that the limitation prescribed by chapter 778, 33 Stat. 811, is not merely a limitation on the remedy but on the liability itself. The statute created a new legal liability, with a right to a suit for its enforcement, provided the suit' was brought within one year after the performance and final settlement of the contract and not later. The time within which the suit must be brought operates as a limitation of the liability itself, and not of the remedy alone. It is a condition attached to the right to sue at all. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statute, and the limitation of the remedy is therefore to be treated as a limitation of the right. The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358.

The judgment of the Circuit Court was for the right party, and should be. affirmed; and it is so ordered.