# Southern States Fire Ins. Co. *v.* Kelley.

*Bill to Cancel Contract and to Return Notes.*

(Decided May 21, 1914. 65 South. 328.)

1. *Equity; Pleading; Negativing Laches.*—A delay in filing a bill in equity in time less than the analogous period of the statute of limitations, prima facie is not laches, and the bill need not allege special matters excusing the delay; facts rendering the delay culpable being matters of defense.

2. *Cancellation of Instrument; Bill; Showing Transfer of Note.*— Where the bill shows the transfer of the note by the respondent to a purchaser, a prayer for the unconditional cancellation or restoration of the notes might render the bill demurrable in part. Yet, a prayer for the return of the note, the execution of which is alleged to have been induced by fraud, or in default thereof, for a decree for the amount of the note, did not render the bill demurrable, although the bill showed that the note had been transferred by respondent.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Thomas C. Kelley against Southern States Fire Insurance Company to rescind sale of stock for fraud and to cancel note given therefor. Decree for complainant, and respondent appeals. Affirmed.

The bill alleged complainant's purchase, or his contract to purchase, 10 shares of defendant company's stock, and his execution of a promissory note for $260 given in payment therefor, and asked that the contract be canceled and that the note be returned, or, upon defendant's failure to return the note, then a decree be entered against respondent in favor of complainant for the amount of said note, to wit, $250. The bill shows that the contract of purchase was procured from complainant by defendant's false representations, and that as soon as complainant learned of their forfeiture, and before he received a certificate of stock, he offered to rescind the contract and refused thereafter to accept the

stock. The bill further shows that defendant had discounted the note to a bank in Thomasville for its face value, and deposited the proceeds to its credit in said bank. The contract of purchase was made in August, 1910, and the bill of complaint was filed August, 1913. The chancellor overruled demurrers to the bill; these demurrers going to the bill as a whole on the ground of laches, and because it does not show when complainant learned of the falsity of the representation, and to that part of the bill which seeks restoration of the note, on the ground that the bill shows that the note had passed into the hands of a purchaser for value, and that a decree cannot be rendered for its return.

LAMKIN & WATTS, for appellant. Where the bill shows on its face that the court is without jurisdiction to grant the relief prayed, it is subject to demurrer. —*Ins. Co. v. Watley*, 55 South. 620; 1 Dan. Ch. 617. Great punctuality and promptness is required in rescinding a contract for fraud.—*Howle v. B'ham L. Co.*, 95 Ala. 389; *Ins. Co. v. Delong*, 59 South. 61; 2 Pom. § 897. The bill was demurrable for laches.—§ 3091, Code 1907; *Fowler v. Ala. I. & S. Co.*, 164 Ala. 414.

HAMILL & SAVAGE, for appellee. Laches are not imputable unless of sufficient length to amount to a statutory bar, in this case, six years.—Subd. 10, § 4835, Code 1907. Plaintiff was not confined to an action for deceit.—9 Cyc. 432; *Houston v. Frazer*, 8 Ala. 85; *Branch Bank v. Parrish*, 20 Ala. 433.

SOMERVILLE, J.—The bill of complaint does not show a delay in the assertion of complainant's rights equal to the analogous statute of limitations at law, and hence special matters excusing his delay need not be alleged in the bill. Prima facie, such a delay is not

laches, and the facts which render the delay culpable in a court of equity must be set up by way of defense. —*Fowler v. Ala. I. & S. Co.*, 164 Ala. 414, 51 South. 393. The demurrer to the bill on these grounds was properly overruled.

While a prayer for unconditional cancellation or restoration of a note, which is shown to have been transferred to a purchaser, might render the bill demurrable in part (*South. States, etc., Co. v. Whatley*, 173 Ala. 101, 55 South. 620), it is eminently proper that the defendant should be given an opportunity to return the note, if perchance he can; and a prayer for either restoration *or*, in default thereof, a decree for the amount of the note, for which complainant is made and remains liable by reason of its transfer to a purchaser for value, does not fall within the rule announced in the case above cited, and does not render the bill demurrable.

The decree overruling the demurrers to the bill as a whole, and in part, will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.