## WARNER et al. v. CITIZENS' NAT. BANK et al.

(Circuit Court of Appeals, Eighth Circuit. July 7, 1920.)

No. 5364.

1. **Banks and banking ⬤➡259(3)—Judgment against national bank fixes stockholders' liability.**

   Rendition of a judgment against a national bank, which has gone into voluntary liquidation, and the return of an execution thereon unsatisfied, fixes the liability of the stockholders for its payment, and a cause of action against them accrues from the date of such return.

2. **Courts ⬤➡375—Limitations of state statute usually followed in equity.**

   While state statutes of limitation do not apply to suits in equity in the federal courts, they are usually followed by analogy, where there is no showing on either side that to follow or not to follow the statute would be inequitable.

3. **Limitation of actions ⬤➡130(7)—Right to extension because of dismissal of prior suit.**

   In view of Act June 30, 1876, c. 156, § 2 (Comp. St. § 9807), providing for enforcement of the liability of stockholders of a national bank by bill in equity in a federal court, the bringing of an action therefor in a state court *held* so manifestly unauthorized that the complainant was not entitled to the benefit of Rev. Laws Okl. 1910, § 4662, permitting the bringing of a new action on a cause of action barred by limitation, where a prior action has been dismissed otherwise than on the merits.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit in equity by Fred W. Warner and J. A. Jackson, copartners as Warner & Jackson, against the Citizens' National Bank and others. Decree for defendants, and complainants appeal. Affirmed.

Albert C. Fordham, of Chicago, Ill., W. F. Wilson and John Tomerlin, both of Oklahoma City, Okl., and Thomas Francis Howe, of Chicago, Ill., for appellants.

J. G. Ralls, J. M. Humphreys, and J. H. Gernert, all of Atoka, Okl., for appellees.

Before HOOK and CARLAND, Circuit Judges, and TRIEBER, District Judge.

CARLAND, Circuit Judge. The appellants commenced this action against appellees February 27, 1917, as judgment creditors of the Citizens' National Bank, one of the appellees, for the purpose of enforcing the stock liability of the other appellees as shareholders of said bank. Section 5220, R. S. U. S. (Comp. St. § 9806), and section 2, Act Cong. June 30, 1876, 19 Stat. 63 (Comp. St. § 9807). The bank, according to the allegations of the complaint, had gone into voluntary liquidation on or about July 22, 1906, paying all its creditors in full, except appellants, who had, before the shareholders voted to go into voluntary liquidation, commenced an action against it, in which, on December 8, 1908, they recovered a judgment in the sum of $7,619.40. The bank appealed from said judgment to the Supreme Court of Oklahoma, where the

same was affirmed (33 Okl. 692, 127 Pac. 388), the mandate of said court having been filed in the trial court May 12, 1913. No supersedeas was granted on the appeal, and on July 26, 1909, appellants caused an execution to issue which was returned unsatisfied in whole or in part. After the affirmance of the judgment, and some time in 1913, an alias execution was issued, which was also returned unsatisfied in whole or in part. Subsequently, on September 9, 1914, appellants commenced an action in the district court of Atoka county, Okl., against appellees, asking for the same relief as prayed for in the present action, which action was by the court dismissed without prejudice on November 27, 1916. The court below dismissed the complaint in this action on motion of appellees other than the bank, for the reason that appellants had been guilty of laches. Section 2 of the Act of June 30, 1876, above referred to, provides that the liability of shareholders declared by section 5151, R. S. U. S., may be enforced by any creditor by bill in equity in the nature of a creditors' bill, "in any court of the United States having original jurisdiction in equity for the district in which such association may have been located or established." Section 4657, Rev. Laws of Oklahoma of 1910, provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * * (2) Within three years: An action upon a contract express or implied, not in writing; an action upon a liability created by statute, other than a forfeiture or penalty."

It is admitted by counsel for appellees that the liability of the shareholders is a liability created by statute; therefore, in the absence of any statute of limitations prescribed by the United States, section 4657 above mentioned is to be considered by analogy in determining the question of laches. Laying aside the provisions of section 5251, Rev. Laws of Oklahoma of 1910, for the present, it plainly appears that the statute of limitations prescribed by the laws of Oklahoma in actions at law where the liability is created by statute had run before this action was commenced.

[1] We are of the opinion that appellants' cause of action against the shareholders accrued as of the date of the return of either the first or alias executions unsatisfied, it being immaterial which date is selected. In either event the time prescribed by the statute of limitations of Oklahoma in actions at law had expired. The return of the executions unsatisfied showed that the bank had no assets from which the judgment could be satisfied; therefore the liability of the shareholders in a sufficient amount to pay the judgment became absolutely fixed not later than the return of the executions unsatisfied. The judgment was an order of a court of competent jurisdiction and took the place of an assessment by the Comptroller of the Currency in cases where the affairs of an insolvent bank are being liquidated. Scovill v. Thayer, 105 U. S. 143, 26 L. Ed. 968; Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739, 33 L. Ed. 184; Glenn v. Liggett, 135 U. S. 533, 10 Sup. Ct. 867, 34 L. Ed. 262; Glenn v. Marbury, 145 U. S. 499, 12 Sup. Ct. 914, 36 L. Ed. 790; McDonald v. Thompson, 184 U. S. 71, 22 Sup. Ct. 297, 46 L. Ed. 437; Studebaker v. Perry, 184 U. S. 258, 22 Sup. Ct. 463,

46 L. Ed. 528; McClaine v. Rankin, 197 U. S. 154, 25 Sup. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500; Rankin v. Barton, 199 U. S. 228, 26 Sup. Ct. 29, 50 L. Ed. 163; Deweese v. Smith, 106 Fed. 438, 45 C. C. A. 408, 66 L. R. A. 971; Rankin v. Miller (D. C.) 207 Fed. 602.

[2] The amount of each shareholder's liability could only be determined after trial, but liability in some amount became fixed when it appeared the bank had no assets. The statute of limitations prescribed by the state of Oklahoma, of course, does not apply to suits in equity in the federal courts; but such statutes are generally followed by analogy in cases in equity, where there is no showing on either side that to follow or not to follow the statute would be inequitable. The true rule in such cases was stated by this court in Kelley v. Boettcher, 85 Fed. 55, 29 C. C. A. 14, as follows:

"When a suit is brought within the time fixed by the analogous statute, the burden is on the defendant to show * * * that extraordinary circumstances exist which require the application of the doctrine of laches; and, when the suit is brought after the statutory time has elapsed, the burden is on the complainant to show, by suitable averments in his bill, that it would be inequitable to apply it to his case."

The same doctrine is approved in the following cases: Wagner v. Baird, 7 How. 234, 12 L. Ed. 681; Godden v. Kimmell, 99 U. S. 201, 25 L. Ed. 431; Wood v. Carpenter, 101 U. S. 135, 139, 25 L. Ed. 807; Rugan v. Sabin, 53 Fed. 415, 420, 3 C. C. A. 578; Woodlaw R. & D. Co. v. Hawkins, 186 Ala. 234, 65 South. 183, 186; Fowler v. Ala. Iron & Steel Co., 164 Ala. 414, 51 South. 393; Southern States Fire Ins. Co. v. Kelley, 186 Ala. 259, 65 South. 328, 329.

There is no showing whatever by the appellants in their complaint that it would be inequitable to apply the doctrine of laches in their case. If appellants had any valid reason or excuse for not bringing their action within the statutory time, they should have set these facts forth in their complaint, as the burden was upon them. As was said by this court in Boynton v. Haggart, 120 Fed. 830, 57 C. C. A. 312:

"When a suit is brought after the time fixed by the analogous statute, the burden is on the complainant to plead and prove that it would be inequitable to apply it to his case, and when a suit is brought within the statutory time for the analogous action at law, the burden is on the defendant to show, either from the face of the bill or by his answer, that extraordinary circumstances exist, which require the immediate application of the doctrine of laches."

[3] Appellants, however, claim the benefit of section 4662, c. 60, Rev. Laws of Oklahoma, which reads as follows:

"*Limitation of New Action.*—If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

It is insisted that the commencement of the action in the Atoka county district court and the dismissal thereof without prejudice on November 27, 1916, gave appellants the benefit of the section quoted, and that under its provisions the present action was commenced be-

fore the bar of the state statute of limitations arose. In view of the requirements of the federal statute that an action to enforce the lia- bility of shareholders shall be commenced in any court of the United States having original jurisdiction in equity for the district in which such association may have been located or established, we are of the opinion that the commencement of the action by appellants in the Atoka county district court did not give them the benefit of section 4662 above quoted. In Smith v. McNeal, 109 U. S. 426, 3 Sup. Ct. 319,. 27 L. Ed. 986, the Supreme Court said:

"Cases might be supposed perhaps, where the want of jurisdiction in the court was so clear that the bringing of a suit therein would show such gross· negligence and indifference as to cut the party off from the benefit of the sav- ing statute, as if an action of ejectment should be brought in a court of ad- miralty, or a bill in equity should be filed before a justice of the peace."

The want of jurisdiction in the state court was so manifest that the bringing of the action in that court must be held to have been gross negligence or indifference. The case of United States, for the Use of the Gibson Lumber Co. v. L. E. Boomer et al., 183 Fed. 726,. 106 C. C. A. 164, was an action to recover upon a bond given by prin- cipal and sureties to the United States in order to secure the faithful performance of a contract, made between the United States and L. E.. and E. R. Boomer, for furnishing labor and materials for the con- struction and completion of additions to officer's quarters at the New Ft. Lyon, Colo., Naval Hospital grounds. The statute giving the right. of action was Act Feb. 24, 1905, c. 778, 33 Stat. 811 (Comp. St. § 6923). This statute authorized the bringing of a suit in the name of the United States in the Circuit Court of the United States in the district in which the contract to secure the performance of which the bond was given was to be performed and executed. One of the grounds of demurrer to the complaint filed was that it appeared therefrom that the action had not been commenced within one year after the performance and final settlement of the contract, as the law provided. It did appear from the complaint that the action was not commenced within one year after the performance and final settlement of the contract be- tween L. E. and E. R. Boomer and the United States, and therefore not within the time fixed by law. It also appeared, however, that a similar action had been commenced in the district court of Colorado· in and for the county of Bent within the time provided by law. The action in the state court was dismissed. Under this state of facts the appellants claimed the benefit of section 4644, vol. 2, Mills' Ann. St. Colo., which, generally speaking, and so far as the point now under consideration is concerned, was similar to the Oklahoma statute; but it was decided by this court that the action commenced in the state· court of Bent county was so clearly and plainly unauthorized that it could not be held to be the commencement of an action within the· meaning of the statute.

The bank did not join in the motion to dismiss, but judgment was. prayed against it in the amount of the state court judgment. The judg- ment of dismissal should be limited to the appellees who joined in the motion to dismiss, and, as thus modified, affirmed; and it is so ordered.