**MINTER v. GULF, C. & S. F. R. CO. et al. (No. 855.)**

(Court of Civil Appeals of Texas. Beaumont. Nov. 23, 1922.)

1. **Evidence ⊜46—Courts know judicially that the President issued proclamation by which he took control of railroads.**

All courts know judicially that the President of the United States issued his proclamation of December 26, 1917 (U. S. Comp. St. § 1974a), by which he took charge, possession, and control of all transportation systems, which became effective December 28, 1917.

2. **Limitation of actions ⊜125—Suit for injuries by railroad under federal control held barred as to federal agent brought in by amendment.**

Where a cause of action arose against the Director General of Railroads for the value of a cow killed on a railroad operated by the government under Act Cong. March 21, 1918, § 10 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115¾j) and General Order No. 50, and the owner filed suit against the railroad company, but the federal agent was not made a party defendant by amendment until after the running of the statute of limitation of two years, the suit was barred as to him.

3. **Railroads ⊜5½, New, vol. 6A Key-No. Series—Federal Transportation Act did not extend limitations prescribed by state law.**

Act Cong. Feb. 28, 1920, § 206, par. (a), did not extend the period of limitation as to actions growing out of the operation of railroads while under federal control for a full period of two years after the act became effective, but simply contemplates that, regardless of what limitation might be fixed by a state law, the right to bring a suit should not be extended longer, in any event, than two years, after the act took effect, notwithstanding any state law of limitation to the contrary.

Appeal from Hardin County Court; T. F. Teel, Judge.

Action by Joe Minter against the Gulf, Colorado & Santa Fé Railroad Company and another. Judgment for defendants in justice court was affirmed, and plaintiff appeals. Affirmed.

B. L. Aycock, of Kountze, for appellant.
Coe & Combs, of Kountze, for appellees.

HIGHTOWER, C. J. This originally was a suit by the appellee, Joe Minter, against the Gulf, Colorado & Santa Fé Railroad Company, filed in the justice court of Hardin county, in which Minter sued the railroad company for damages, the value of a cow alleged to have been killed by the railroad company on August 17, 1919. The suit was filed on August 13, 1921, lacking three days of being barred by the statute of limitation of two years of this state. On September 7, 1921, appellee, by amendment, made James C. Davis, Federal Agent, a party defendant, and sought recovery for the value of the cow as against him. Both defendants answered in the justice court, the railroad company, among other things, pleading that at the time the cow was killed its road, properties, etc., were in the possession and control of a federal government, and the road was being operated by the federal government, as a war measure, etc., and upon this plea the justice court correctly held that the railroad company was not liable to plaintiff, and he was allowed to take nothing as against that defendant. James C. Davis, Federal Agent, after general demurrer, specially excepted on the ground that the plaintiff's cause of action as against him was barred by the statute of two-year limitation of this state at the time he was made a party defendant. This defendant also pleaded the general issue. The special exception interposing the defense of limitation was sustained by the justice of the peace, and, being denied a recovery as against either defendant, Minter appealed to the county court of Hardin county, where the case was tried upon the pleadings as filed in the justice court. Upon trial in the county court, it was correctly held that the railroad company was not liable because its road and properties were all in the hands and control of the federal government at the time the plaintiff's cow was killed, and plaintiff's cause of ac-

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion was against the government, and not the railroad company. H. E. & W. T. Ry. Co. v. Wilkerson, 224 S. W. 574, opinion by this court. Mo. Pac. Ry. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087; Schaff v. Mason, 235 S. W. 520, opinion by Supreme Court of this state; Baker v. Bell (Tex. Civ. App.) 219 S. W. 245. The county court also sustained the special exception interposed by James C. Davis, Federal Agent, and dismissed the plaintiff's suit as to that defendant. From this judgment of the county court, Minter has appealed to this court, assigning as the only error of the county court its action in sustaining the special exception interposed by James C. Davis, as Federal Agent, asserting the bar of limitation of two years.

[1, 2] We think that the bar of limitation of two years, as interposed by the special exception of the Federal Agent, James C. Davis, was complete, and that the trial court did not err in so holding. All courts know judicially that the President of the United States issued his proclamation on December 26, 1917, by which he took charge, possession, and control of all the transportation systems of the United States, including that of the Gulf, Colorado & Santa Fé Railroad Company, which proclamation became effective December 28, 1917. In this proclamation, it was provided, in part, as follows:

"But suits may be brought by and against said carriers and judgments rendered as hitherto until and except so far as said Director may [the proclamation provides for a Director General of Railroads], by general or special orders, otherwise determine." U. S. Comp. St. § 1974a.

On March 21, 1918, Congress, in effect, ratified the action of the President in taking over the transportation systems, as provided by the proclamation, and in section 10 of the act of Congress mentioned, it was provided, among other things, as follows:

"That carriers, while under federal control shall be subject to all loss and liabilities as common carriers, whether arising under state or federal laws or at common law." U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115¾j.

On October 28, 1918, the then Director General of Railroads promulgated and issued what is commonly known as General Order No. 50. By this General Order it was provided, substantially, among other things, that as to all suits against railroad companies then pending, the Director General of Railroads should, by amendment, be made the party defendant, and the railroad company dismissed therefrom, where the cause of action had arisen since the federal government took control, and that as to all causes of action arising out of the operation of railroads by the federal government after the promulgation of said Order No. 50, suits therefor should be brought against the Director General of Railroads, and not against the carrier or railroad company.

Thus it will be observed that under the President's proclamation, above referred to, as well as under the act of Congress, above referred to, persons having a cause of action against railroad companies were permitted to proceed against such companies by suits as had been the practice theretofore, and this right continued until the promulgation and issuance of General Order No. 50 on October 28, 1918, as above shown. After that order was promulgated by the Director General of Railroads, a person having a cause of action or claim growing out of the operation of a railroad was expressly prohibited from bringing a suit thereon against the railroad company, and was expressly commanded or authorized to bring such suit against the Director General of Railroads, as the defendant responsible or liable to the plaintiff for such cause of action, if any.

[3] Plaintiff's cause of action in this case arose on August 17, 1919, at which time the Director General of Railroads was suable by him, and was the only defendant against whom he could have maintained a suit for the value of his cow, because of the clear provision in Order No. 50. Since it is undisputed and shown by the pleadings that plaintiff's suit was not filed against any Director General of Railroads or Federal Agent, James C. Davis, taking the place of the previous Director Generals, until more than two years after the cause of action in this case arose against the government, we think it clear that his cause of action was barred by the two-year statute of limitation of this state. This view, it seems, would be conceded by appellant had it not been for an act of Congress passed February 28, 1920, commonly known as the Transportation Act of 1920. 41 Stat. 456. Paragraph (a) of section 206 of that act is the portion thereof which is here invoked by appellant. That paragraph reads as follows:

"*Causes of Action Arising out of Federal Control.* * * * Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation or any carrier (under the provisions of the Federal Control Act, or of the Act of August 29, 1916), of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such actions, suits, or proceedings may, within the periods of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this act be brought in any court

which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier."

Counsel for appellant contends, substantially, that Congress intended by paragraph (a), section 206, above quoted, to extend the period of limitation as to a cause of action growing out of the operation of a railroad while under federal control for a full period of two years after the act became effective, which was February 28, 1920, and that plaintiff's cause of action in this instance, as against the Federal Agent, James C. Davis, was not and would not have been barred by any statute of limitation, state or federal, prior to March 1, 1922. We cannot concur with the learned counsel for appellant in this contention; for we see nothing in paragraph (a), section 206, of the Transportation Act of February 28, 1920, as above quoted, to evidence such intention or meaning on the part of Congress. On the contrary, our construction of that section is simply that Congress meant to say that, regardless of what period of limitation may be fixed by a state law as a bar to recovery for a cause of action arising out of the operation of a railroad under federal control, the right to bring suit on such cause of action should not be extended longer, in any event, than two years after that act of Congress took effect, notwithstanding any state law of limitation to the contrary. If we are correct in this view, then, unquestionably, the judgment of the trial court in this case was correct, and should be affirmed; and it has been so ordered.