PIERSON, RESPONDENT, v. DAVIS, AGENT, ETC., APPELLANT.

(No. 5,409.)

(Submitted February 8, 1924. Decided March 10, 1924.)

[224 Pac. 235.]

• *Railroads—Federal Control—Personal Injuries—Expiration of Period of Limitation—Dismissal of Action.*

United States—Action Against, by Permission—Conditions to be Complied With.
  1. When the United States government gives its consent to be sued, the suitor in accepting the privilege extended must comply with the terms and conditions prescribed.

Railroads—Personal Injuries During Federal Control—Liability.
  2. For railway accidents while the railway was under federal control, the government and not the company was accountable.

Same—Federal Employer's Liability Act—Limitation Condition of Liability.
  3. The provision of the federal Employers' Liability Act specifying the time within which an action based thereon may be commenced (two years) operates as a condition of liability and not merely as a period of limitation.

Same—Periods of Limitation Controlling.
  4. Under the federal Transportation Act of 1920, permitting the bringing of suits thereunder within the periods of limitation prescribed by state or federal statutes, though not in any event later than two years from the passage of the Act, the periods of limitation prescribed by state and federal statutes govern, provided they do not extend beyond the two-year period prescribed by the Act.

Same—Federal Control—Personal Injuries—Expiration of Limitation—Dismissal of Action.
  5. Plaintiff railway employee was injured on February 8, 1919, while the railway was under federal control. She commenced an action against a director-general of railroads who had ceased to be such, and the company on January 31, 1921. By the terms of the Transportation Act federal control ended on March 1, 1920, and thereafter under its provisions actions for injuries sustained during federal control were required to be brought against an agent of the President appointed for that purpose not later than two years from the passage of the Act. Under the federal Employers' Liability Act suit had to be commenced within two years from the day the cause of action accrued. On May 9, 1922, more than three years after the cause of action accrued and more than two years after the passage of the Act, plaintiff amended her complaint by substituting the presidential agent for the director-general as defendant. *Held,* under the above rules, that the original complaint did not state a cause of

---

  1. Suit against public utility under federal control as suit against the United States, see notes in 4 A. L. R. 1713, 1714; 10 A. L. R. 967.

  3. Accrual of cause of action for death under federal Employers' Liability Act, see notes in Ann. Cas. 1914C, 1028; 16 A. L. R. 482.

[70 Mont. 106.]

action against either of the defendants therein named; that as amended the complaint was filed too late, *i. e.*, not within two years after the cause of action accrued nor within two years after the passage of the Transportation Act, and that therefore the court erred in overruling defendant's motion to dismiss the action.

Limitation of Actions—Limitations Run to Date of Amendment of Pleading Bringing in New Party.

6. Where an amendment of the complaint brings in a new party, the statute of limitations runs to the date of the amendment, and operates as a bar when the statutory period has expired.

*Appeal from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

ACTION by Eliza Pierson against James C. Davis, as Agent of the President of the United States under the Transportation Act of 1920. Judgment for plaintiff and defendant appeals. Reversed, with directions to dismiss.

Cause submitted on Appellant's brief.

*Mr. I. Parker Veazey, Jr., Mr. W. L. Clift, Mr. R. H. Glover* and *Mr. H. C. Hopkins,* for Appellant.

By the Transportation Act, the United States consented to be sued on two conditions: First, the suit must be brought in the name of a named presidential agent, and, second, it must be so brought within the time provided by state or federal statutes and, in any event, before March, 1922. As the plaintiff did not, before March 1, 1922, bring suit against "James C. Davis as agent of the President of the United States," the plaintiff has not in any way, either as to person or time, complied with the conditions affixed by the United States to its consent to be sued, and plaintiff cannot recover, for these provisions must be strictly complied with. (*Garney* v. *Davis,* 112 Kan. 823, 212 Pac. 659; *Whalen P. & P. Mills* v. *Davis,* 288 Fed. 438; *Grandquist* v. *Duluth, M. & N. Ry. Co.,* 155 Minn. 217, 193 N. W. 126.)

The federal control Act defining the measure of the liability of the government to its employees adopted the federal Employers' Liability Law as to liability to employees. That law provided that the right of recovery was conditioned on suit

being brought within two years after the cause of action accrued. Not having brought suit within that time, the plaintiff cannot recover. (*Atlantic etc. R. Co.* v. *Burnette,* 239 U. S. 199, 60 L. Ed. 226, 36 Sup. Ct. Rep. 75 [see, also, Rose's U. S. Notes]; *Vaught* v. *Virginia & S. W. R. Co.,* 132 Tenn. 679, 179 S. W. 314; *Morrison* v. *Boston & O. R. Co.,* 40 App. Cas. 391, Ann. Cas. 1914C, 1026; *Shannon* v. *Boston & M. R. Co.,* 77 N. H. 349, 92 Atl. 167.)

No appearance in behalf of Respondent.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

In her complaint the plaintiff claimed to have been injured on February 8, 1919, while employed by the Director-General of Railroads as a railroad operator at Cushman, Montana, on the line of the Great Northern Railway Company. She and her employer were then engaged in interstate commerce.

The action was commenced January 31, 1921. Plaintiff named as defendants "Director-General of Railroads and Great Northern Railway Company, a corporation." Without obtaining from the court permission so to do, the plaintiff, on May 9, 1922, filed an amended complaint wherein she named as defendants "James C. Davis as Agent for the Government of the United States, successor in representation of the Director-General of Railroads, and Great Northern Railway Company, a corporation." A copy of the amended complaint having been served upon one of the attorneys who appeared for the defendants named in the original complaint, the railway company appeared by demurrer which in due time was sustained, as a result of which action plaintiff dismissed the action as to that defendant.

James C. Davis, "as Agent of the Government of the United States," appearing specially, challenged the jurisdiction of the court, moved to set aside the purported service of the amended complaint upon him on the ground that he never was made a

party defendant in the action and summons was never served upon him. The motion having been sustained on June 17, 1922, the plaintiff on June 21, 1922, without an order of court, caused a summons to be issued on the amended complaint, and this was served upon an agent of the Great Northern Railway Company at Butte on that day.

Thereupon Davis, as agent of the President of the United States, appeared specially for the purpose of challenging the jurisdiction of the court. He moved to set aside the service of the summons and to dismiss the action, asserting among other allegations that he had not been made a party to the suit; stating that he had been incorrectly designated as agent of the government of the United States, and that the attempted issuance of the so-called summons and amended complaint as to him were void, because all original authority of the state court to bring him in as presidential agent, and all authority to serve him as such, had expired under the statutes of the United States. The court overruled the motion and compelled the defendant Davis, as agent, to answer, which in due time he did, presenting the same objections urged in his motion in still greater detail in three separate defenses. Demurrer to these defenses was sustained. Two other defenses, consisting of a general denial and assumption of risk, were replied to by plaintiff, and upon the pleadings thus framed trial followed with judgment for plaintiff, from which the defendant has appealed.

The court erred in overruling the motion to set aside the service of summons and to dismiss the action and in sustaining the demurrer to the three separate defenses.

Unless the government of the United States expressly extends [1] the privilege suit may not be brought against it. The privilege being extended the suitor must avail himself of the method provided; he must comply with the terms and conditions prescribed.

When the accident occurred the Great Northern Railway [2] Company was under federal control. Whatever responsibility there was on account of the accident rested upon the

government and not upon the railway. (*Vassau* v. *Northern Pac. Ry. Co.,* 69 Mont. 305, 221 Pac. 1069.) Ever after the accident occurred and until March 1, 1920, if she desired to maintain an action against the United States because thereof it was obligatory upon her to sue the Director-General of Railroads, under the mandate of General Order No. 50a, as promulgated by Walker D. Hines, Director-General.

Federal control came to an end on March 1, 1920, by the [3] terms of the Transportation Act (41 Stat. 456), wherein it was provided that actions of this character founded upon a cause of action arising during federal control might, after the renunciation of federal control, be brought against an agent designated by the President for that purpose. (Section 206, U. S. Comp. Stats., Ann. Supp. 1923, sec. 10071¼cc.) On March 11, 1920, the President appointed Walker D. Hines Director-General of Railroads and his successor in office as such agent. On May 28, 1920, Hines was succeeded by John Barton Payne, who in turn was succeeded by James C. Davis on March 28, 1921. (*Vassau Case, supra.*) To maintain this action against the United States on January 31, 1921, it was necessary to sue John Barton Payne as Agent of the President of the United States. This the plaintiff did not do. When she attempted to bring into the action James C. Davis as presidential agent, on May 9, 1922, she was too late.

Under the federal Employers' Liability Act it was incumbent [4, 5] upon plaintiff to bring her suit within two years from the day the cause of action accrued. (35 Stat. 66; 36 Stat. 291; U. S. Comp. Stats., sec. 8662; *Atlantic Coast Line R. R.* v. *Burnette,* 239 U. S. 199, 60 L. Ed. 226, 36 Sup. Ct. Rep. 75 [see, also, Rose's U. S. Notes]; *Morrison* v. *Baltimore & Ohio R. Co.,* 40 App. Cas. 391, Ann. Cas. 1914C, 1026; *Shannon* v. *Boston & Maine R. R.,* 77 N. H. 349, 92 Atl. 167.) The defendant pleaded the bar of this statute in his third separate defense; but the statute, creating as it does a right of action unknown at common law and specifying the time within which action based thereon may be

commenced, operates as a condition of liability and not merely as a period of limitation. (*Davis* v. *Chrisp*, 159 Ark. 335, 252 S. W. 607; *Morrison* v. *Baltimore & Ohio R. Co., supra; Vaught* v. *Virginia & S. W. R. Co.*, 132 Tenn. 679, 179 S. W. 314.) Time in which to bring suit was not enlarged by the Transportation Act. Section 206a of the Act, after providing that actions, suits and proceedings therein mentioned may be brought against a presidential agent, continues: "Such actions, suits, or proceedings may, within the periods of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this Act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier." So far as we are advised this language has been held uniformly to mean that the periods of limitation prescribed by state and federal statutes govern, provided they do not extend beyond two years from the date of the passage of the Transportation Act. Congress meant to and did provide that regardless of what period of limitation may be fixed by state law the right to bring the suit should not be extended beyond the two years after the Act of Congress took effect. (*Northern Milling Co.* v. *Davis*, 178 Wis. 493, 190 N. W. 351; *Minter* v. *Gulf, C. & S. F. R. Co.* (Tex. Civ. App.), 245 S. W. 476; *Garney* v. *Davis*, 112 Kan. 823, 212 Pac. 659.)

So it appears that the plaintiff did not bring her action within two years after the cause of action accrued. When she did attempt to bring suit she did not sue the United States in the manner prescribed. If she had sued within time still her action against the Director-General of Railroads when brought was nugatory. As in the *Vassau Case* the complaint did not state a cause of action against either of the parties originally made defendants. If the action had been commenced in time against the Director-General, substitution of himself as presidential agent within the time limited by law would have been permissible; or if the action had been commenced against John Barton Payne as presidential agent not later than February 8,

1921, upon Payne's resignation Davis as presidential agent might have been substituted at any time within twelve months thereafter, under the Act of Congress of February 8, 1899 (30 Stat. 822; U. S. Comp. Stats., sec. 1594). But none of these conditions were presented in the action. Plaintiff's attempt to bring in James C. Davis even if she had named him correctly as presidential agent was too late from every viewpoint.

Where there is an amendment bringing in a new party the [6] limitation runs to the date of the amendment and operates as a bar when the statutory period of limitation has expired. (*Davis* v. *Chrisp, supra.*) Under the circumstances there was not and could not have been a substitution of parties defendant. (*Vassau Case, supra.*)

In view of the foregoing, other grounds of attack made by defendant against the maintenance of the action by plaintiff need not be considered.

The judgment is reversed, with direction that the district court enter an order dismissing the action.

*Reversed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.