### BELL v. WABASH RY. CO.
#### No. 9229.

Circuit Court of Appeals, Eighth Circuit.
April 12, 1932.

O. C. Mosman, of Kansas City, Mo. (Mosman, Rogers & Buzard, Don E. Black, and Clay C. Rogers, all of Kansas City, Mo.; on the brief), for appellant.

Homer Hall, of St. Louis, Mo. (N. S. Brown, of St. Louis, Mo., on the brief), for appellee.

Before STONE and KENYON, Circuit Judges, and CANT, District Judge.

KENYON, Circuit Judge.

This is a suit brought by appellant as administratrix of the estate of George Owen Bell, asking $50,000 damages for the death of said Bell resulting from injuries received while he was alleged to be engaged with appellee in interstate commerce. The action was commenced in the circuit court of Adair county, Mo., on the 16th day of December, 1929, and is based on the Federal Employers' Liability Act (45 USCA §§ 51–59). It was removed to the federal court upon petition of appellee. The District Court upon hearing overruled appellant's plea to jurisdiction and the motion to remand, and held jurisdiction of the case. When it was called for trial in December, 1930, appellant, excepting to the jurisdiction of the court, refused to prosecute the case in the federal court, and the same was dismissed and judgment entered against appellant.

The contention of appellant is that deceased, Bell, was in the employ of appellee, and was engaged in interstate commerce at the time he was injured, and consequently, under section 6 of the Federal Employers' Liability Act (title 45, § 56 USCA), the case was not removable from the state court to the federal court. Said section is as follows:

"No action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued.

"Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States, and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States. (Apr. 22, 1908, c. 149, § 6, 35 Stat. 66; Apr. 5, 1910, c. 143, § 1, 36 Stat. 291.)"

It was the contention of appellee that Bell was not engaged in interstate commerce or in any service of the railroad company so closely related thereto as to be a part thereof, and that the statement in the petition that he was engaged in interstate commerce was so palpably false as to constitute a fraud upon the jurisdiction of the federal court in depriving it of jurisdiction. That question is interesting, but in the view we take of this case, it would be a work of supererogation to enter into that disputable field, because we are satisfied that any right of action under the Federal Employers' Liability Act which appellant might have against appellee for negligence causing the death of Bell had expired prior to the time this suit was commenced.

Bell died, according to the allegations of the petition, on Thursday, September 15, 1927. The injury which resulted in his death occurred July 24, 1927. This action was commenced December 16, 1929, or approximately two years and four and a half months after the injury, and two years and three months after his death. The action accrued at the time of his death. Reading Co. v. Koons, Administrator, 271 U. S. 58, 46 S. Ct. 405, 70 L. Ed. 835. The fact appears conclusively from the record, therefore, that no action was brought within two years from the time it arose.

The Federal Employers' Liability Act establishes a new right of action unknown to the common law. The common carrier is liable thereunder in damages to a person suffering injury while he is employed by such carrier in interstate commerce and to his or her personal representative for the benefit of the surviving widow or husband and children of such employee in case of death resulting in whole or in part from the negligence of the officers, agents, or employees of such carrier. Contributory negligence is not a bar to such action, although it bears on the amount of damages recoverable. As part of the act, it is provided by section 6 thereof, supra, that the jurisdiction of the courts of the United States is concurrent with that of the several states, and that no action shall be maintained under the act unless commenced within two years from the date the cause of action arose. If the case arises under the act and is brought in a state court, it cannot be removed to the courts of the United States. In view of the limitation as to the time of suit and the unquestioned fact that over two years had expired from the time the action accrued before suit was

brought, the question arises whether the case falls under section 6 of the Federal Employers' Liability Act, and cannot be removed from the state to the federal court. The limitation of said section as to time in which the action may be maintained clearly conditions liability, and enters into the right created as a substantial part thereof. It is not a mere statute of limitations pertaining to the remedy. If the action is not brought within the time provided, the right to proceed under the act is ended. In Judge Sanborn's opinion in Eberhart et al. v. United States, for Use of First Nat. Bank of Belle Fourche, S. D. (C. C. A.) 204 F. 884, 890, 891, he says: "An act of Congress, which at the same time and in itself authorizes or creates a new liability and prescribes the limitations thereof and of its enforcement, makes those limitations conditions of the liability itself. Such an act is not a statute of limitations, and a compliance with the conditions which it prescribes is indispensable to the enforcement of the liability it authorizes or creates * * * because such limitations are conditions of the liability itself and not limitations of the remedy only."

In Rademaker v. E. D. Flynn Export Co., Inc. (C. C. A. Fifth Circuit) 17 F.(2d) 15, 17, the court says: "Section 6 of the Federal Employers' Liability Act provides that no action shall be maintained under it, unless it is begun within two years from the date the cause of action accrued, and is applicable to suits under the Merchant Marine Act. Panama R. R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748. The limitation of that section is upon the right and not merely upon the remedy."

In Atlantic Coast Line Railroad v. Burnette, 239 U. S. 199, 200, 36 S. Ct. 75, 76, 60 L. Ed. 226, the Supreme Court discusses this two-year provision imposed by said section 6, and says: "It would seem a miscarriage of justice if the plaintiff should recover upon a statute that did not govern the case, in a suit that the same act declared too late to be maintained. A right may be waived or lost by a failure to assert it at the proper time. * * *" It was there held that, the action not having been brought within two years, it must fail in the courts of a state as well as in those of the United States.

In American R. Co. of Porto Rico v. Coronas, 230 F. 545, 546, L. R. A. 1916E, 1095, the Circuit Court of Appeals of the First Circuit, referring to the provision of the Federal Employers' Liability Act, says: "The right granted exists only by virtue of the statute, and its scope and effect must be determined therefrom. The language of the act makes it plain that the right and correlative liability thereby established are conditional upon the bringing of the suit within two years from the day the cause of action accrued. The bringing of the action, therefore, within the specified time, is a condition to the exercise of the right, and, if the condition is not complied with, the parties stand, with respect to the wrongful act, as though the statute had not been enacted. The limitation relates, not merely to the remedy, but to the right."

Possibly as good a summing up of the situation as can be found is that in 18 Ruling Case Law, § 320: "The employers' liability acts, properly so called, contain a provision requiring suit to be commenced within a specified time after the occurrence of the injury which constitutes the foundation of the action. And it has been held that this limitation of time must be regarded not merely as a statute of limitation but as one of the conditions of the right of action, which if unperformed extinguishes the cause completely. The language of the federal act makes it plain that the right and correlative liability thereby established are conditional upon the bringing of the suit 'within two years from the day the cause of action accrued.' The bringing of the action, therefore, within the specified time is a condition to the exercise of the right, and, if the condition is not complied with, the parties stand, with respect to the wrongful act, as though the statute had not been enacted. The limitation relates, not merely to the remedy, but to the right."

See, also, as dealing with the same subject and holding the same as the cases from which we have quoted, Bement v. Grand Rapids & I. Ry. Co., 194 Mich. 64, 160 N. W. 424, L. R. A. 1917E, 322; Kannéllos v. Great Northern Ry. Co., 151 Minn. 157, 186 N. W. 389; Pierson v. Davis, Agent, 70 Mont. 106, 224 P. 235; Petition of Clinchfield Nav. Co., Inc. (D. C.) 26 F.(2d) 290.

Similar limitations in federal statutes (other than the Federal Employers' Liability Act) creating rights have been the subject of discussion in the courts. In A. J. Phillips Co. v. Grand Trunk Western Railway Co., 236 U. S. 662, 35 S. Ct. 444, 59 L. Ed. 774, the court considers the phase of the Hepburn Amendment to the Interstate Commerce Act, which provides that "all complaints for the recovery of damages shall be filed with the Commission within two years

from the time the cause of action accrues, and not after," and the court says (page 667 of 236 U. S., 35 S. Ct. 444, 446): "Under such a statute the lapse of time not only bars the remedy, but destroys the liability." See, also, The Harrisburg, 119 U. S. 199, 7 S. Ct. 140, 30 L. Ed. 358; Davis v. Mills, 194 U. S. 451, 24 S. Ct. 692, 48 L. Ed. 1067; Central Vermont Railway Co. v. White, Administratrix of White, 238 U. S. 507, 35 S. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252; Kansas City Southern Railway Co. v. Wolf et al., 261 U. S. 133, 43 S. Ct. 259, 67 L. Ed. 571; Richards, State Superintendent of Banks v. Carpenter et al. (C. C. A.) 261 F. 724; Wood & Selick, Inc. v. Compagnie Generale Transatlantique (C. C. A.) 43 F.(2d) 941; Negaubauer v. Great Northern Ry. Co., 92 Minn. 184, 99 N. W. 620, 104 Am. St. Rep. 674, 2 Ann. Cas. 150.

■ This time limit in section 6 of the Federal Employers' Liability Act is a part of the right granted to maintain an action thereunder, and, as the time here had clearly expired before suit was commenced, no right existed in appellant to rely on said section 6 in bringing this action, and said section cannot be appealed to in an attempt to prevent removal to the federal court. As far as this case is concerned, it is as if there were no such section. The case is not within the provisions of that section, and hence is removable to the federal court; the jurisdictional elements being present.

■ As this question is not argued by counsel for appellant, we are quite at a loss to understand the theory upon which any claim could be made that this case can be brought under said section 6. It can hardly be claimed that, because an action had been brought in the state court in ample time and dismissed, it was sufficient to invoke the benefit of the section. There is a statement in the petition filed in the state court as follows: "Plaintiff states that suit was brought in this cause of action on November 7th, 1928, in the Circuit Court of Daviess County, Missouri, and was subsequently dismissed without trial upon its merits;" and it is suggested in the brief of counsel for appellee that there is a Missouri statute providing that, if plaintiff commences suit within the time fixed by law, and afterwards suffers a nonsuit, he may commence a new suit within one year from the date he suffers such nonsuit, but surely it would not be contended that a state statute could extend the period of limitation fixed by the Federal Employers' Liability Act, and this is the act upon which appellant's suit is based. A state statute cannot recreate a right given under a federal statute that has ceased to exist by the very terms of the statute. The liability itself is destroyed. United States, to Use of Gibson Lumber Co. v. Boomer et al. (C. C. A.) 183 F. 726. The language of section 6 is clear and mandatory. There is no ambiguity about it. "No action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued." The Supreme Court has spoken clearly on this subject, in Reading Co. v. Koons, Administrator, 271 U. S. 58, 63, 46 S. Ct. 405, 407, 70 L. Ed. 835, saying: "The language of the statute evidences an intention to set a definite limit to the period within which an action may be brought under it without reference to the exigencies which arise from the administration of a decedent's estate. The statute relates not only to causes of action for wrongful death but to causes of action for other injuries. Where the cause of action for personal injury survives to personal representatives of an injured employee who dies after the injury from other causes, the language of the statute seems peremptorily to require the action to be brought within two years from the time of injury, without regard to any intervening period after death when there is no executor or administrator." There could be no waiver of this provision as there might be of the statute of limitations. The time would not be extended by fraud practiced or concealment such as might effect an extension of an ordinary statute of limitations under certain circumstances. It is clear that, when this action was commenced, appellant had no right to proceed under section 6 of the Federal Employers' Liability Act, and the provision thereof relating to removals is not applicable to this suit. The decision of the trial court in refusing to remand the case was correct, and it had jurisdiction to enter judgment dismissing the suit. Said judgment is affirmed.

STONE, Circuit Judge.

I concur in the affirmance of the judgment in this case, but prefer to base that action upon the ground that the deceased was not engaged in interstate commerce at the time this injury occurred. Chicago & Northwestern Ry. Co. v. Eugene Bolle (Nov. 23, 1931) 284 U. S. 74, 52 S. Ct. 59, 76 L. Ed. ——; Erie Railroad Co. v. Welsh, 242 U. S. 303, 37 S. Ct. 116, 61 L. Ed. 319.