SHINN v. N. Y., CHIC. & ST. L. RY. CO.

Ohio Appeals, 6th Dist., Huron Co.

No. 205.  Decided June 14, 1926

725.  LIMITATION OF ACTIONS—The two year period in which to bring an action under the Federal Employers Liability Act is a limitation on the right of action and not the remedy; and a suit will be barred if not brought within the time limited even though plaintiff relies on alleged fraudulent representations of defendant.

WILLIAMS, J.

C. E. Shinn, instituted an action against the New York, Chicago & St. Louis Ry. Co. in the Huron Common Pleas, to recover for personal injuries sustained while in the employ of the Company as a flagman.

Shinn, after his injury, was under the care of a physician of the Company who advised Shinn that his injuries were not of a permanent nature.  Relying upon this advice, Shinn settled his claim for $245 and returned to work; but in a short time discovered that he was not physically able to continue.  He was advised by physicians that he was suffering from a serious ailment of the stomach, due probably, to the injuries received.

Although the two year period in which a suit may be brought under the Federal Employer's Liability Act had elapsed, Shinn began his action seeking to excuse his failure to begin suit within the two year period by alleging that the advice of the Company physician in regard to his injuries were false representa-

tions. The lower court directed a verdict in favor of the Company; and upon prosecution of error, the Court of Appeals held:

1. The company being engaged in interstate commerce, the action was properly within the Federal Employers Liability Act.

2. Many courts hold that where the ordinary statute of limitations is pleaded and relied upon as a defense, the fact that defendant has been guilty of fraud and wrongfully causing plaintiff to allow the statutory period to run, defendant is estopped from asserting the statute as a bar.

3. A distinction exists, however, between the ordinary statute of limitations and a limitation which is an inherent part of the right of action.

4. Where an enactment creates a right of action within which it may be brought, such limitation which did not exist at common law and fixes a limitation of time is a qualification of the right of action and not merely a limitation of the remedy.

5. The two year limitation in the Federal Employers Liability Act qualifies the right of action and even fraudulent concealment does not excuse failure to bring the action within the prescribed time.

6. Although representations were made to Shinn as to his injuries, it does not appear that they were carelessly and dishonestly made. There being no fraud or deceit, Shinn's claim is barred by lapse of time.

Judgment affirmed.

Attorneys—Young & Young for Shinn; Edgar G. Martin for Company; all of Norwalk.