## WADE v FRANKLIN et

Ohio Appeals, 6th Dist, Lucas Co

No 2957. Decided June 25, 1934

James Harrington Boyd, Toledo, for plaintiff in error.

Smith, Beckwith, Ohlinger & Froehlich, Toledo, for defendants in error.

## OPINION

By RICHARDS, J.

First, as to the receivers: It will be noticed that the negligence of which complaint is made was committed before the receivers were appointed. The great weight of authority and the better reason sustain the doctrine that a receiver is not liable for tort committed by the corporation prior to his appointment. This conclusion naturally results because of the fact that a receiver is only answerable for his own acts and the acts of his own employes. The authorities are collected in 23 R.C.L., 85. In 53 C. J., 357, under "Receivers", it is stated that "in an action of tort plaintiffs must show that the injury accrued (occurred) during receivership." The precise question was before this court and was so decided on January 13, 1912 in an opinion written by Kinkade, J.,—Farkas, Admr. v Worthington, Receiver, 1 Oh Ap, Sixth District, unreported, p. 264. In that case the court cited and relied on McDermott v Crook, 20 Appeals Cases, District of Columbia, p. 465.

Second, as to The Wabash Railway Company: The first summons under which it was attempted to reach the company was quashed because the service was made upon one who was an agent of the receivers and not of the company. Such action appears to be amply justified by the decision in C. & M. R. R. Co. v Orme, 1 C.C., 511, a decision which has been often followed in this state. However, that service was quashed on July 5, 1932, and apparently no proceedings in error were prosecuted to the order of the court so made. Furthermore, in a reply and brief filed by the plaintiff in the Common Pleas Court on June 24, 1932, it is stated:

"that said motion to quash the service of summons and the return made thereon, insofar as the service of summons and return of the sheriff made thereon affects the defendant The Wabash Railway Company named therein, may be quashed."

Our attention is called to the order of the District Court of the United States in Missouri in a case entitled T. J. Moss Tie Co. v Wabash Railway Co., in which Franklin and Nicodemus, Jr., were appointed receivers of the company. That order recites that the receivers

"are hereby authorized and empowered * * * to appear in and conduct the prosecution or defense of, or compromise or settle, any actions, proceedings or suits now pending or which may hereafter be brought in any court * * * to which the defendant railway company is or shall be a party."

The language of this order permits but does not require the receivers to make defense, but leaves the matter discretionary with them and does not authorize a plaintiff to bring the company into court by serving summons on the receivers.

The next summons as against the railway company was issued on December 30, 1933, and service made on January 5, 1934. The petition avers that the last injuries which the plaintiff received were suffered on September 21, 1931, which was more than two years prior to the issuance and service of this summons. The action was therefore barred by the statute of limitations as against The Wabash Railway Company.

The trial court was right in the orders made and judgment rendered, both as to the receivers and the railway company, and the judgment will be affirmed.

Judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.