WADE *v.* FRANKLIN ET AL., RECEIVERS.

(Decided December 16, 1935.)

*Mr. James Harrington Boyd*, for plaintiff in error.
*Messrs. Smith, Beckwith, Ohlinger & Froehlich*, for defendants in error.

Lloyd, J. In the action in the Court of Common Pleas, to reverse the judgment in which this proceeding in error was instituted, George Wade sought to have set aside as fraudulently procured a judgment theretofore rendered in the Court of Common Pleas in favor of the defendant, The Wabash Railway Company. That judgment was affirmed by this court on June 25, 1934, *Wade* v. *Franklin et al., Receivers,* 50 Ohio App., 174, 197 N. E., 796.

On May 13, 1932, Wade commenced an action in the Court of Common Pleas against The Wabash Railway Company, and Walter S. Franklin et al. as receivers thereof, to recover damages for personal injuries suffered by him on October 5, 1930, and September 21, 1931. The alleged tort was committed before the receivers were appointed. Pursuant to a praecipe for the defendants summons was issued on the petition, the return thereon by the sheriff being:

"I summoned on the 20th day of May, 1932, the within named defendants, Walter S. Franklin and Frank Nicodemus, Jr., Receivers of The Wabash Railway Company, by delivering to D. E. Gilbert, assistant general freight manager of The Wabash Railway Company and in charge of the office at the time of service, three true and certified copies of this writ with all endorsements thereon, the president or other chief officer could not be found by me in Lucas County."

On motion of The Wabash Railway Company this attempted service of summons was quashed as to it. Accompanying the motion was an affidavit of Gilbert that at the time of the attempted service of summons he was not "an assistant freight agent, a regular freight agent, or agent, servant, employe or officer of any kind" of The Wabash Railway Company.

On January 5, 1934, more than two years after Wade's alleged cause of action arose, an alias summons was served upon Gilbert as statutory agent appointed to receive service of summons in actions brought against The Wabash Railway Company. The trial court overruled a motion to quash this service of summons. An answer was then filed by the company, wherein it pleaded the statute of limitations. The cause of action of Wade, as pleaded in his petition, arose under the Federal Employers' Liability Act, which provides that such an action must be commenced within two years after the cause of action accrues. Because Wade's action was not commenced by service of summons within that time the trial court dismissed his petition.

In the instant case Wade claims that the foregoing judgment of dismissal should be vacated because procured "by fraud and false representations" in that Gilbert at the time of the making and filing of the above mentioned affidavit was the statutory agent for service of summons on The Wabash Railway Company, and that the affidavit being untrue, counsel for Wade believing it to be true and relying thereon was misled to the prejudice of his client. The return of the sheriff does not recite that he served Gilbert as statutory agent, nor literally as freight agent, and the truth of his affidavit as to his not then being a freight agent is not questioned. There might be some question whether the return purports to be more than service upon the receivers of the company, but regardless of what its effect might have been service of summons

was not in fact obtained until January 5, 1934, more than two years after the cause of action arose.

Since the limitation provided by the Federal Employers' Liability Act qualifies the right of action, and is not merely a limitation on the remedy, Wade, however much he relied upon false representations if any there were of the company or its counsel, could not maintain his action if not brought within the designated time. *Shinn* v. *N. Y., C. & S. L. Ry. Co.*, 24 Ohio App., 113, 156 N. E., 230.

The judgment of the Court of Common Pleas dismissing the petition of Wade filed therein is affirmed.

*Judgment affirmed.*

OVERMYER and CARPENTER, JJ., concur.