A. M. JORDAN

*v.*

BALTIMORE AND OHIO RAILROAD COMPANY,
*a Corporation*

(No. 10204)

Submitted September 26, 1950. Decided December 19, 1950.

184

*Charles A. Duffield, Jr., Charles W. Louchery, W. G. Stathers, Stewart McReynolds,* and *Robert B. Stotler,* for plaintiff in error.

*G. C. Belknap, Wysong & Wysong,* for defendant in error.

HAYMOND, JUDGE:

The plaintiff, A. M. Jordan, instituted this action of trespass on the case in the Circuit Court of Braxton County, on June 5, 1948, to recover damages from the defendant, Baltimore and Ohio Railroad Company, a corporation, for personal injuries alleged to have been sustained by him, as its employee, caused by its negligence, while working as a member of a railroad construction

and repair crew in Charleston, Kanawha County, on December 19, 1940. To a final judgment entered April 4, 1949, for the plaintiff for $13,500.00, based upon a verdict of the jury, the defendant prosecutes this writ of error.

Before the institution of the present action, the plaintiff on January 29, 1944, more than three years after the date of his injury, instituted in the same trial court another action, based upon a federal statute commonly referred to as the Federal Employers' Liability Act, approved April 22, 1908, C. 149, 35 Stat. 65, as amended by Act approved August 11, 1939, C. 685, 53 Stat. 1404, 45 U. S. C. A., Sections 51 to 60, to recover damages from the defendant for the same injury. In that action the defendant filed, among others, two pleas to the amended and supplemental declaration, which pleas alleged, in substance, that the action was barred under the federal act because not commenced within three years from the day the cause of action accrued, as required by Section 6 of that statute, as amended. To each of the pleas the plaintiff filed a special replication. The court sustained the demurrer of the defendant to each replication and certified its ruling to this Court which, by order entered August 3, 1946, refused to docket the case for hearing. No further proceedings were taken in that action and it was pending in the Circuit Court of Braxton County when this action was tried in that court in November, 1948.

The declaration in the present action bases the right of the plaintiff to recover for injuries to his person upon the law of this State instead of the Federal Employers' Liability Act. With respect to matters regarded as material in the decision of this case, the declaration is substantially similar to the amended and supplemental declaration filed in the first action. That declaration alleged that the defendant, at the time the plaintiff was injured, was a common carrier and as such was the owner and the operator of an interstate railroad system, and that both the defendant and the plaintiff, as its employee, were then engaged in interstate commerce. The declaration in the present action, though alleging that the plaintiff when

injured was an employee of the defendant and was performing the same acts and duties at the same place mentioned and described ·in the amended and supplemental declaration in the first action, does not expressly allege that the plaintiff, as such employee, at the time of his injury, was employed in interstate commerce.

The plaintiff when injured on December 19, 1940, was, and for many years previously had been, an employee of the defendant. At the time of the trial he had worked for the defendant for approximately thirty seven years. He is a carpenter, and during his employment by the defendant his work included repair of bridges, water tanks, coal houses, water stops, pump stations, roundhouses, laying tile, masonry and other labor connected with the maintenance of a railroad system. At the time of the trial, which began on November 22, 1948, he was sixty four years of age. The defendant is and long has been a common carrier, engaged in the ownership, operation and maintenance of an interstate railroad system in this State and in other states, including a roundhouse located in Charleston, Kanawha County, which is used to house, service and repair locomotives to run and operate trains in both interstate and intrastate commerce. In servicing its engines and those of the New York Central Railroad Company and the Virginian Railroad Company, also interstate common carriers, the engines are placed over pits into which ashes, water and grease from the locomotives are deposited. Prior to the time the plaintiff was injured the water which accumulated in these pits was drained from them into an eight inch sewer which was connected with a main sewer of the City of Charleston, located beneath Court Street, a public street, of the city, at a point approximately one hundred and forty feet from the roundhouse. The eight inch sewer appears to have been inadequate for its purpose and because of stoppage in it water accumulated in and flooded the pits at the roundhouse. Because of this condition the defendant undertook the construction of a new twelve inch sewer between Court Street and the roundhouse to replace the old line and assigned a crew of its employees,

including the plaintiff, to that work. Before the plaintiff was injured the ditch for the new line had been dug from Court Street to a point some distance from the roundhouse and part of the line had been placed in the ditch. On the morning of December 19, 1940, the plaintiff and another employee were at work in the ditch laying tile for the new line. While they were so engaged dirt from an unsupported side of the ditch, which was from six feet to nine feet and six inches in depth and from four feet to six feet in width at the top, and from twenty two inches to thirty inches in width at the bottom, suddenly slipped or "caved in", covered the plaintiff and his fellow employee, and caused the injuries of which the plaintiff complains.

The plaintiff and two witnesses produced in his behalf testified that within a few hours before the accident, in which the plaintiff was injured, the plaintiff told the foreman of the defendant in charge of the work that the ditch was unsafe and should be bratticed with timber available for that purpose. This testimony was denied by the foreman, who testified that he had seen the ditch earlier on the day of the accident, that he thought it was safe, and that he was present when the slide occurred and assisted in extricating the plaintiff and his companion, which was done within three to five minutes.

After the accident the plaintiff was taken to a nearby hospital where he was examined by a doctor who told him that his injuries consisted of a broken rib and a bad bruise of the ligaments of his shoulder and the upper part of his forearm. The doctor instructed the plaintiff to "come back day after tomorrow" which he did, but what directions or treatments were then given by that doctor are not shown by the record. The plaintiff was subsequently examined from time to time by doctors employed by him and also by doctors to whom he was sent by agents of the company. The plaintiff admits that he returned to his employment with the defendant, but in a different kind of work, and that he has lost no time since he was injured except that lost while he was on relief or

ill, but the amount of time lost due to illness is not clearly established. At the time of the trial he testified that since his injury he has suffered, and still suffers, pain in his right shoulder and right arm, that he does not have full normal use of his arm, and that his injury is permanent. At the trial three physicians were produced as witnesses for the plaintiff. They had made individual examinations of the defendant in November, 1947, and November, 1948, respectively, and each testified that when he examined the plaintiff he complained of pain in his right arm and right shoulder, that the muscles of his right shoulder were affected with atrophy, that there was substantial limitation of motion in his right arm and right shoulder, and that this condition was permanent.

In view of the conclusion reached upon the decisive issues in this case, it is not deemed necessary to mention in detail additional facts appearing in the voluminous record which relate to the alleged negligence of the defendant in causing the injuries sustained by the plaintiff and the nature or the effect of his injuries. It should be observed, however, that the evidence of negligence upon the part of the defendant is sufficient to support the verdict of the jury on that issue.

To the declaration in the present action, in addition to its written plea of not guilty, the defendant filed six special pleas in writing by which it presented these particular matters of defense: (1) The pendency of the prior action upon the identical cause of action involved in this action between the same parties bars this action; (2) the ruling of the court in the prior action sustaining the demurrers of the defendant to the replications of the plaintiff to the pleas that such action was barred because not instituted within three years from the date of the injury and the refusal of this Court to docket the case constituted an adjudication of the rights of the plaintiff and precludes recovery in this action; and (3) the acts of the defendant in concealing from the plaintiff the nature of his injuries, which are denied, and in writing the plaintiff on December 9, 1941, that it would not take advantage of

the statute of limitations if the case was covered by the state law, as set forth in the declaration, did not constitute a waiver of any statute of limitations and that this action is barred by the federal statute, because not instituted within three years, and by the law of this State, because not instituted within one year, after the plaintiff was injured. The plaintiff filed a special replication to each of the special pleas and the defendant filed a demurrer to each special replication, which demurrer, in each instance, the court overruled.

To reverse the final judgment of the circuit court the defendant, by its numerous assignments of error, relies on these grounds: (1) This case is governed exclusively by the provisions of the Federal Employers' Liability Act; (2) the provisions of that statute constitute a bar to this action because it was not instituted within three years after the plaintiff was injured; (3) the bar of that statute may not be suspended or extended by fraud, refusal to advise, concealment, estoppel, waiver, or other excuse; (4) the law of this State does not apply to or govern this action, but if applicable, recovery by the plaintiff is barred by the one year statute of limitations which has not been waived or extended by the defendant; (5) the claim of the plaintiff is *res judicata* because finally determined in the first action; (6) the plaintiff has assumed inconsistent positions in the two actions involving the same facts; and (7) the evidence does not establish negligence upon the part of the defendant.

The first question presented for decision and which, if answered in the affirmative, is decisive of the case, is whether the cause of action is within the provisions of the Federal Employers' Liability Act, approved April 22, 1908, C. 149, 35 Stat. 65, as amended and approved August 11, 1939, C. 685, 53 Stat. 1404, 45 U. S. C. A. Sections 51 to 60. That act in part provides:

"Every common carrier by railroad while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in

case of the death of such employee, to his or her personal representative, * * *, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

"Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter."

Though the declaration in the present action does not specifically aver that the plaintiff when injured was employed in interstate commerce as an employee of the defendant, the facts alleged in the declaration and the evidence introduced both by the plaintiff and the defendant clearly show that he was, at that time, employed in such commerce. When it appears that the subject matter of the action is within the Federal Employers' Liability Act, that statute supersedes the laws of the states upon all matters within its scope, and, in cases involving injuries to an employee of a common carrier engaged in interstate commerce, when the employee is employed in such commerce, the state laws must be considered as nonexistent. *Hogarty* v. *Philadelphia and Reading Railway Company*, 255 Pa. 236, 99 A. 741, 8 A. L. R. 1386; *Mondou* v. *New York, New Haven and Hartford Railroad Company*, 223 U. S. 1, 32 S. Ct. 169, 56 L. ed. 327, 38 L. R. A. (N. S.) 44; *Saint Louis, San Francisco and Texas Railway Company* v. *Seale*, 229 U. S. 156, 33 S. Ct. 651, 57 L. ed. 1129, Ann. Cas. 1914C, 156; *Taylor* v. *Taylor,* 232 U. S. 363, 34 S. Ct. 350, 58 L. ed. 638; *Wabash Railroad Company* v. *Hayes,* 234 U. S. 86, 34 S. Ct. 729, 58 L. ed. 1226. The new sewer, to replace the old sewer, though not completed or actually in use at the time the plaintiff

was injured, was being constructed as a necessary facility and as an essential part of the equipment required to service engines run and operated in interstate commerce by the defendant, an interstate common carrier. In discharging the duty assigned to the plaintiff, in the work of laying the new sewer, he acted in "the furtherance" of interstate commerce and in a way which "directly or closely and substantially" affected such commerce within the meaning of the statute. Numerous decisions so hold with respect to work in constructing or repairing equipment or instrumentalities devoted to or for use in interstate commerce performed by employees of carriers subject to the statute, as amended, substantially similar in character to the work performed by the plaintiff when he was injured. *Agostino* v. *Pennsylvania Railroad Company* (D. C., E. D. N. Y.), 50 F. Supp. 726; *Zimmermann* v. *Scandrett* (D. C., E. D. Wis.), 57 F. Supp. 799; *Shelton* v. *Thomson* (C. C. A., 7th Circuit), 148 F. 2d 1; *Edwards* v. *Baltimore and Ohio Railroad Company* (C. C. A. 7th Circuit), 131 F. 2d 366; *Great Northern Railway Company* v. *Industrial Commission of Wisconsin,* 245 Wis. 375, 14 N. W. 2d 152; *Wills* v. *Terminal Railroad Association of Saint Louis,* 239 Mo. App. 144, 205 S. W. 2d 942; *Trucco* v. *Erie Railroad Company,* 353 Pa. 320, 45 A. 2d 20; *Southern Pacific Company* v. *Industrial Accident Commission,* 19 Cal. 2d 271, 120 P. 2d 880; *Wright* v. *New York Central Railroad Company,* 263 App. Div. 461, 33 N. Y. S. 2d 531; *Scarborough* v. *Pennsylvania Railroad Company,* 154 Pa. Sup. 129, 35 A. 2d 603. See also *Pederson* v. *Delaware, Lackawanna and Western Railroad Company,* 229 U. S. 146, 33 S. Ct. 648, 57 L. ed. 1125; *Thompson* v. *Cincinnati, New Orleans and Texas Pacific Railway Company,* 165 Ky. 256, 176 S. W. 1006, Ann. Cas. 1917A, 1266; and *Bezue* v. *New York, New Haven and Hartford Railroad Company,* 256 N. Y. 427, 176 N. E. 828; decided before the 1939 amendment; and *Pritt* v. *West Virginia Northern Railroad Company,* 132 W. Va. 184, 51 S. E. 2d 105, 6 A. L. R. 2d 562, *Riley* v. *West Virginia Northern Railroad Company,* 132 W. Va. 208, 51 S. E. 2d 119. Under the statute, as amended, as considered and applied in the above cited

cases, it is clear that the cause of action of the plaintiff arises from, is based upon, and is exclusively governed by, the above quoted provisions of the federal statute. The rights of action provided by the Federal Employers' Liability Act are exclusive as to cases which it covers and no other right of action can be added by the law of any state. *New York Central and Hudson River Railroad Company* v. *Tonsellito,* 244 U. S. 360, 37 S. Ct. 620, 61 L. ed. 1194; *Erie Railroad Co.* v. *Winfield,* 244 U. S. 170, 37 S. Ct. 556, 61 L. ed. 1057, Ann. Cas. 1918B, 662; *Sarik* v. *Pennsylvania Railroad Company* (D. C. W. D. Penn.), 68 F. Supp. 630. In *New York Central Railroad Company* v. *Winfield,* 244 U. S. 147, 37 S. Ct. 546, 61 L. ed. 1045, the Supreme Court of the United States, in discussing the scope and the effect of the statute, uses this language:

"That the act is comprehensive and also exclusive is distinctly recognized in repeated decisions of this court. Thus, in *Missouri, Kansas & Texas Ry. Co.* v. *Wulf,* 226 U. S. 570, 576, and other cases, it is pointed out that the subject which the act covers is 'the responsibility of interstate carriers by railroad to their employes injured in such commerce'; in *Michigan Central R. R. Co.* v. *Vreeland,* 227 U. S. 59, 66, 67, it said that 'we may not piece out this act of Congress by resorting to the local statutes of the State of procedure or that of the injury,' that by it 'Congress has undertaken to cover the subject of the liability of railroad companies to their employes injured while engaged in interstate commerce,' and that it is 'paramount and exclusive'; in *North Carolina R. R. Co.* v. *Zachary,* 232 U. S. 248, 256, it is held that where it appears that the injury ocurred while the carrier was engaged and the employee employed in interstate commerce, the federal act governs to the exclusion of the state law; in *Seaboard Air Line Ry.* v. *Horton, supra,* pp. 501, 503, it is said not only that Congress intended 'to exclude responsibility of the carrier to its employes' in the absence of negligence, but that it is not conceivable that Congress 'intended to permit the legislatures of the several States to determine the effect of contributory negligence and

assumption of risk, by enacting statutes for the safety of employes, since this would in effect relegate to state control two of the essential factors that determine the responsibility of the employer;' and in *Wabash R. R. Co. v. Hayes,* 234 U. S. 86, 89, it is said: 'Had the injury occurred in interstate commerce, as was alleged, the Federal act undoubtedly would have been controlling and a recovery could not have been had under the common or statute law of the State; in other words, the Federal act would have been exclusive in its operation, not merely cumulative (citing cases). On the other hand, if the injury occurred outside of interstate commerce, the Federal act was without application and the law of the State was controlling.' ".

The remaining question which requires consideration is the effect of the federal statute relating to the time within which an action based upon it or within its scope must be instituted. On that point the statute, as amended, contains this provision: "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued." Act approved April 22, 1908. C. 149, Section 6, 35 Stat. 65, as amended by Act approved August 11, 1939, C. 685, Section 2, 53 Stat. 1404, 45 U. S. C. A., Section 56. Prior to the 1939 amendment the period within which to bring an action under the statute was two years from the day the cause of action accrued. Under the statute, both before and since its amendment, the courts have uniformly held that the statute creates the right of action, that the limitation relates to both the right and the remedy, and that an action instituted after the expiration of the prescribed period of time can not be maintained.

The rule applicable to this case is stated in Roberts, Federal Liability of Carriers, Second Edition, Vol. 2, Section 947, in this language: "There is a vital difference between the situation of a plaintiff whose right of action is subject to a statute of limitation in the ordinary sense, and that of a plaintiff whose right of action is based upon a statute which in terms provides that such right

is effective only if it is exercised within a stated time. In cases of the first class the limitation affects only the remedy, leaving the right unimpaired. In the second class of cases the commencement of the action within the prescribed time is a condition of the right itself, and if the condition is not complied with, both the right and the remedy cease to exist. The right of action created by the Federal Employers' Liability Act is one of the second class. Upon the occurrence of the conditions of liability under the act previously noted—negligence of the employer proximately resulting in injury or death of an employee employed in interstate commerce—there accrues to the employee or his personal representative, as the case may be, an inchoate right of action for damages. That right continues, in this inchoate form, until the expiration of two years" (now three years) "after the right accrued. If action is commenced within that period, liability exists; if not, there is no liability. Both the right and the remedy provided by the statute are at an end." *Seaboard Air Line Railway Company* v. *Renn,* 241 U. S. 290, 36 S. Ct. 567, 60 L. ed. 1006; *Atlantic Coast Line Railroad* v. *Burnette,* 239 U. S. 199, 36 S. Ct. 75, 60 L. ed. 226; *American Railroad Company of Porto Rico* v. *Coronas,* 144 C. C. A. 599, 230 F. 545; *Bell* v. *Wabash Railway Company* (C. C. A., 8th Circuit), 58 F. 2d 569; *Rademaker* v. *E. D. Flynn Export Company, Inc.* (C. C. A. 5th Circuit), 17 F. 2d 15; *Morrison* v. *Baltimore and Ohio Railroad Company,* 40 App. Cas. (D. C.) 391, Ann. Cas. 1914C, 1026; *Hogarty* v. *Philadelphia and Reading Railway Company,* 255 Pa. 236, 99 A. 741, 8 A. L. R. 1386; *Bement* v. *Grand Rapids and Indiana Railroad Company,* 194 Mich. 64, 160 N. W. 424, L. R. A. 1917E, 322; *Kannellos* v. *Great Northern Railway Company,* 151 Minn. 157, 186 N. W. 389; *Pierson* v. *Davis,* 70 Mont. 106, 224 P. 235; *Petition of Clinchfield Navigation Company, Inc.,* (D. C.) 26 F. 2d 290. The time of the accrual of the action is the day the injury occurs. *Flynn* v. *New York, New Haven and Hartford Railroad Company,* 283 U. S. 53, 51 S. Ct. 357, 75 L. ed. 837. Fraud or deceit by the defendant which induces the plaintiff to subject his claim to the statutory bar, does not suspend or

extend the period of limitation prescribed by the statute or operate as a waiver or an estoppel against the defendant in an action which is within the scope of the statute. Roberts Federal Liability of Carriers, Second Edition, Vol. 2, Section 951; *Bell* v. *Wabash Railway Company* (C. C. A., 8th Circuit), 58 F. 2d 569; *Morrison* v. *Baltimore and Ohio Railroad Company,* 40 App. Cas. (D. C.) 391, Ann. Cas. 1914C, 1026; *Shinn* v. *New York, Chicago and Saint Louis Railway Company,* 24 Ohio App. 113, 156 N. E. 230; *Gauthier* v. *Atchison, Topeka and Santa Fe Railway Company,* 176 Wis. 245, 186 N. W. 619.

Under the established facts of this case, and the authorities cited, the conclusion is inescapable that the plaintiff when injured was employed in interstate commerce, within the meaning of the Federal Employers' Liability Act; that his claim is based upon and is within the scope of that statute and is governed exclusively by its provisions; that this action can not be maintained under the laws of this State; that the cause of action is barred because this action was not commenced within three years from the day it accrued, as required by the statute; and that the plaintiff can not maintain this action.

In view of the conclusion reached upon the principal questions in this case, it is unnecessary to consider or discuss the other questions presented by the assignments of error of the defendant, and those questions are not dealt with or decided.

The judgment is reversed, the verdict is set aside, and this case is remanded to the Circuit Court of Braxton County for such proceedings as may be proper under the principles enunciated in this opinion.

> *Judgment reversed;*
> *verdict set aside;*
> *remanded with directions.*