[Sac. No. 6520. In Bank. Apr. 29, 1955.]

EPIMENIO MORENO, Appellant, v. SOUTHERN PA-
CIFIC COMPANY (a Corporation), Respondent.

Nathaniel S. Colley for Appellant.

Dunne, Dunne & Phelps, Devlin, Diepenbrock & Wulff and
Arthur B. Dunne for Respondent.

GIBSON, C. J.—Plaintiff appeals from a judgment against
him in an action brought under the Federal Employers' Lia-
bility Act to recover damages for injuries he sustained while
working for defendant railroad company. The court, sitting
without a jury, took evidence on the question of whether the

federal act applied and the case then proceeded to trial before a jury on the other issues. A verdict was returned for plaintiff, but the court entered judgment notwithstanding the verdict on the ground that there was not sufficient evidence of negligence.

The first question presented is whether the Federal Employers' Liability Act is applicable. Plaintiff started working for defendant on October 3, 1951, and was injured on December 19, while laying rails in a retarder yard which defendant was constructing for the purpose of facilitating the movement of freight trains by means of a new method of "switching" and classifying railroad cars. The yard was to be used in connection with defendant's main line of track and was opened to interstate traffic four months after plaintiff's injury.

Federal coverage has been extended to an employee laying tile in a sewer which, when finished, was to be connected to a "roundhouse" where engines moving in interstate commerce were serviced. (*Jordan* v. *Baltimore & Ohio R. Co.*, 135 W.Va. 183 [62 S.E.2d 806].) The act has also been held applicable to an employee laying rails on a new section of roadbed which, upon completion, was to be used in connection with the main line of track carrying interstate commerce. (*Agostino* v. *Pennsylvania R. Co.*, 50 F.Supp. 726.) The court in the Agostino case stated that "the construction work, while new, was only an improvement such as an extension, alteration, replacement or repair. . . ." (50 F. Supp. at 730.)

In the present case, the construction was new, but the yard was intended as a substitute for the existing method of switching and classifying railroad cars. The proper designation of the work, however, is not important since the applicability of the act depends on whether an employee's duties further interstate commerce or affect it "in any way directly or closely and substantially." (*Gileo* v. *Southern Pac. Co., ante,* p. 539 [282 P.2d 872]; 45 U.S.C.A. § 51.)

We are of the view that, under the circumstances involved here, plaintiff's duties furthered interstate commerce. He is, therefore, considered to have been employed by defendant in that commerce and is entitled to the benefits of the act. (*Gileo* v. *Southern Pac. Co., ante,* p. 539 [282 P.2d 872].)

The question remaining is whether there is substantial evidence supporting the implied finding of the jury that defendant was negligent. At the time of the accident, plaintiff

was working as a member of a crew of three men. One of the men would operate a crane to lift a rail, and, while it was suspended horizontally, plaintiff and the other man would each take hold of one of its ends and guide it laterally until it was in the desired position over the roadbed on which it was to be laid. The crane operator would then be notified by signals to lower it. As plaintiff was guiding one end of a rail he slipped on a piece of metal and fell. The rail, which was suspended about three feet above the ground, dropped and struck his foot. No lowering signal had been given, and the rail came to rest 18 inches away from the point where it should have been laid. There is testimony that the crane operator could see plaintiff "at all times," and it may reasonably be inferred from the evidence that the rail which struck plaintiff was lowered prematurely due to the negligence of the crane operator.

The judgment is reversed with directions to enter judgment for plaintiff in accordance with the verdict.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.