In the Matter of CHICAGO, MILWAU-
KEE, ST. PAUL and PACIFIC
RAILROAD COMPANY, Debtor.

Appeal of CMC REAL ESTATE
CORPORATION.

No. 88–2978.

United States Court of Appeals,
Seventh Circuit.

Argued April 3, 1989.

Decided June 5, 1989.

Daniel R. Murray, Jerold S. Solovy, Barry Sullivan, Robert P. Zapinski, Michael T. Brody, Jenner & Block, Chicago, Ill., for CMC Real Estate Corp.

John C. Boylan, Keith A. Queensen, Rerat Law Firm, Minneapolis, Minn., for Ralph G. Kelly.

Before BAUER, Chief Judge, and CUMMINGS and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

## I.

The Chicago, Milwaukee, St. Paul and Pacific Railroad Company ("Milwaukee Road") filed for reorganization on December 19, 1977, under Section 77 of the Bankruptcy Act of 1898, 11 U.S.C. § 205 (1976) (repealed in 1978),[1] in the District Court for the Northern District of Illinois. Acting under the authority of Section 77 of that Act and Bankruptcy Rule 8–401 (1979), the district court entered an order requiring all proofs of claims against Milwaukee Road, its trustee, or estate arising during the reorganization to be filed before September 10, 1985, the "bar date". On November 12, 1985, a consummation order was entered by the district court effective November 25, 1985, discharging all claims against Milwaukee Road, its trustee and the estate arising prior to the consummation order except those filed prior to the applicable bar dates.[2]

Plaintiff Ralph G. Kelly filed this personal injury action under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA"), against the Milwaukee Road and the Soo Line Railroad Company ("the Soo") in the District Court for the District of Minnesota on October 22, 1987, later amending the complaint to add CMC Real Estate Corporation ("CMC") as an additional defendant. Kelly subsequently dismissed his action against Milwaukee Road and CMC, leaving the Soo as the sole defendant.[3]

The entity emerging from the reorganization, CMC, filed this petition for injunctive relief in the District Court for the Northern District of Illinois asserting that plaintiff's claim is foreclosed by the consummation order for failure to file proof of his claim prior to the applicable bar date. The district court refused to enjoin the plaintiff's suit on the basis that Milwaukee Road had fraudulently procured the plaintiff's agreement to settle his claim for $250 on March 22, 1985, resulting in the plaintiff's refraining from filing a claim prior to the bar date in the belief that he no longer possessed a viable claim. We reverse and remand to the district court for the entry of an injunction barring the plaintiff from pursuing his action under FELA.

## II.

Under 11 U.S.C. § 205(f) (repealed in 1978) the debtor or successor corporation emerging from the reorganization receives the debtor's property pursuant to the plan of reorganization "free and clear of all claims of the debtor, its stockholders and creditors, and the debtor shall be discharged from its debts and liabilities." "Creditors" include "all holders of claims of whatever character against the debtor or its property, whether or not such claims

---

1. Because the petition for reorganization of Milwaukee Road was filed prior to passage of the Bankruptcy Reform Act of 1978, this proceeding is governed by the railroad reorganization provisions of the Bankruptcy Act of 1898. See Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 403(a), 92 Stat. 2549, 2683.

2. Order No. 866, ¶ 7, states in part: "Except as provided in this Order ... the Debtor, the Trustee in his representative capacity and the Reorganized Company shall be, as of the Consummation Date, released forever from: (i) all obligations, debts, liabilities, claims and causes of action against the Debtor, whether or not filed or presented, whether or not approved, acknowledged or allowed in these proceedings and whether or not provable in bankruptcy, including without limitation all claims assumed or guaranteed by the Debtor or the Trustee or enforceable against the property of the Debtor...."

3. As successor to Milwaukee Road's core rail liabilities pursuant to the reorganization, the Soo will be responsible for defending this action if an injunction is not entered.

would otherwise constitute provable claims under this [Act]". 11 U.S.C. § 205(b) (repealed in 1978). "Claims" is defined very broadly to include "debts, whether liquidated or unliquidated ... or other interests of whatever character." *Idem.* Neither party disputes the fact that a cause of action constitutes a claim in bankruptcy or that Kelly received both constructive notice of the September 10, 1985, bar date for filing through publication in *The Wall Street Journal,* and actual notice from his union, the Brotherhood of Maintenance of Way Employees. The parties instead differ over whether Kelly's FELA claim is barred as arising during the reorganization for which no proof of claim was filed or whether it arose after the reorganization and therefore is not barred by the consummation order.

If Kelly's FELA claim arose during the reorganization, his failure to file proof of his claim prior to the applicable bar date will presumably operate to discharge the Soo, unless Kelly can demonstrate that relief from the consummation order is warranted. Relief from a final order in bankruptcy may be pursued solely through a motion under Fed.R.Civ.Proc. 60(b), applicable to bankruptcy proceedings through Bankruptcy Rule 8–703(a)(5) (1976). *In the Matter of Whitney–Forbes, Inc.,* 770 F.2d 692 (7th Cir.1985); *In the Matter of Chung King, Inc.,* 753 F.2d 547 (7th Cir.1985). Rule 60(b) provides in part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and

for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Kelly has failed to file a Rule 60(b) motion for relief from the consummation order and is barred from doing so on the basis of fraud since the one-year filing period has expired for a motion for relief based on fraud. Because Kelly's argument before this Court is explicitly premised on fraud, the catchall claim in Rule 60(b)(6) is also inapplicable.

■ In answer to his failure to file a Rule 60(b) motion, plaintiff contends he need not meet the time limitations of Rule 60(b) since his cause of action did not arise until after the reorganization was final when he discovered the fraud perpetrated upon him in the settlement by Milwaukee Road. In order to file a claim cognizable in bankruptcy, a creditor must possess a debt based on state or federal law creating a substantive obligation independent of bankruptcy law. *Vanston Committee v. Green,* 329 U.S. 156, 170, 67 S.Ct. 237, 243, 91 L.Ed. 162 (Frankfurter, J., concurring). Since plaintiff's cause of action is based on FELA, we look to FELA to determine when plaintiff's claim accrued against Milwaukee Road. For the purposes of commencement of the three-year statute of limitations for FELA actions, the cause of action accrues as of the date of the injury. *Reading Co. v. Koons,* 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835; *Lancaster v. Norfolk & Western R. Co.,* 773 F.2d 807, 821 (7th Cir.1985); *Deer v. New York Cent. R. Co.,* 202 F.2d 625 (7th Cir.1953).[4]

Plaintiff alleges that he suffered injuries to his left leg, right side and lower back during the five-year period preceding December 1, 1984, due to Milwaukee Road's negligent assignment of work duties which exceeded his physical capabilities. As a result of these injuries he assertedly be-

---

**4.** We need not decide here whether or not the scope of the accrual of a cause of action for purposes of the statute of limitations is coextensive with the definition of "claim" or whether the equitable powers of a bankruptcy court are sufficiently broad to address unaccrued causes of action as well. See, *e.g., In the Matter of UNR Industries, Inc.,* 725 F.2d 1111, 1119 (7th Cir.

1984). It is sufficient to state that if Kelly possessed an accrued cause of action for purposes of the statute of limitations prior to the consummation order, his claim for that cause of action was properly dischargeable by the consummation order unless Kelly filed a proof of that claim prior to the bar date.

came permanently disabled from any further employment with Milwaukee Road as of December 1, 1984. Plaintiff expressly admits in his complaint that his injury was sustained "during the 5 year period prior to December 1, 1984." Kelly acknowledged the existence of his injuries through acceptance of $250 in return for his March 22, 1985, release of Milwaukee Road from any claims based upon these injuries. Plaintiff argues that because of Milwaukee Road's fraudulent misrepresentation of the worth of his claim, he was led to believe that his claim had been satisfied by the $250 he accepted from Milwaukee Road.[5]

Judge Marshall accepted plaintiff's position that his claim was not barred due to the alleged fraud of Milwaukee Road. Applying contractual principles, the district court held that the settlement Kelly accepted from Milwaukee Road could properly be rescinded if it was entered into on the basis of misrepresentations by Milwaukee Road, which as Kelly's employer should be held to a higher standard of dealing akin to that of a fiduciary. The district judge further determined that the consummation order would not bar the plaintiff's action since his claim did not accrue until he discovered the fraud immediately prior to filing his

FELA action. Notably absent from the district court's opinion, however, is discussion of any evidence demonstrating that Kelly's claim may have been worth in excess of $250; indeed, none has been presented. Judge Marshall also failed to cite any specific allegations of fraud perpetrated by Milwaukee Road other than the fact that plaintiff accepted Milwaukee Road's offer of $250 in complete satisfaction of his claim.

■ There are two possible theories under which Kelly may hold a viable claim against the Soo: (1) he has a FELA claim which was fraudulently concealed or misrepresented by Milwaukee Road such that he did not possess a cause of action or dischargeable claim in bankruptcy until after the reorganization when the fraud was discovered; or (2) Kelly's complaint is a simple action for fraud which did not accrue until the fraud was discovered after the reorganization. As to the first alternative, Kelly has failed to direct this Court to any controlling authority that provides for the postponement of the accrual of a FELA cause of action based on fraudulent conduct of the defendant. Indeed, the courts are split on whether fraud will toll the statute of limitations for a FELA action.[6]

---

**5.** Kelly's argument that he was unaware of the *value* of his claim is certainly distinguishable from the situation in which an employee incurs an injury, the *effects* of which are not immediately manifest. See *e.g., Schweitzer v. Consolidated Rail Corp.,* 758 F.2d 936, 942 (3rd Cir. 1985), certiorari denied, 474 U.S. 864, 106 S.Ct. 183, 88 L.Ed.2d 152, where employees of railroad had been exposed to asbestos during their employment prior to the reorganization, but as of the reorganization had not experienced any adverse effects and thus did not possess claims dischargeable in bankruptcy. For such victims, their claims may not be cognizable in a reorganization until the effects of the disease became apparent. In *Matter of UNR Industries, Inc.,* 725 F.2d at 1118–29, this Court examined the consequences of appointing a representative in bankruptcy for potential asbestosis victims. There this Court discussed but did not decide whether victims who lack an accrued tort claim under state law because the effects of asbestosis were not yet manifest, may nonetheless be holders of a "claim" as defined under the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101(4)(A), warranting appointment of a representative to protect their interests. In contrast, the seriousness of Kelly's injury must have been apparent

to him when he was allegedly forced by his disability to quit work with the railroad by December 1, 1984. It is the monetary value of his injury that was allegedly concealed from Kelly.

**6.** For cases where accrual of cause of action postponed, see: *Belton v. Traynor,* 381 F.2d 82 (4th Cir.1967); *Louisville & N.R. Co. v. Disspain,* 275 F.2d 25 (6th Cir.1960); *Scarborough v. Atlantic Coast Line R. Co.,* 202 F.2d 84 (9th Cir. 1953); *Tillery v. Southern Ry. Co.,* 348 F.Supp. 9 (E.D.Tenn.1971); *Mumpower v. Southern Ry. Co.,* 270 F.Supp. 318 (W.D.Va.1967); *Sharp v. Montour R. Co.,* 195 F.Supp. 794 (W.D.Pa.1961); *Toran v. New York, N.H. & H.R. Co.,* 108 F.Supp. 564 (D.C.Mass.1952); *Fravel v. Pennsylvania R. Co.,* 104 F.Supp. 84 (D.C.Md.1952); and *Central of Georgia Ry. Co. v. Ramsey,* 275 Ala. 7, 151 So.2d 725 (1962). For cases where action accrued in spite of fraud, see: *Bell v. Wabash Ry. Co.,* 58 F.2d 569 (8th Cir.1932); *Damiano v. Pennsylvania R. Co.,* 161 F.2d 534 (3rd Cir. 1947), certiorari denied, 332 U.S. 762, 68 S.Ct. 65, 92 L.Ed. 348; *Frabutt v. New York, C. & St. L.R. Co.,* 84 F.Supp. 460 (D.C.Pa.1949); *Bement v. Grand Rapids & Ind. Ry. Co.,* 194 Mich. 64, 160 N.W. 424 (1917); and *Jordan v. Baltimore &*

Plaintiff's complaint states merely an action under FELA for an injury which arose during the reorganization and as such is barred by the consummation order.

■ As to the second theory, Kelly's complaint is absolutely devoid of any allegation or bare mention of fraud. Rule 9 of the Federal Rules of Civil Procedure requires that all averments of fraud and the circumstances constituting fraud shall be stated with particularity. It is difficult to accept Kelly's assertion that he was unaware of the existence or even physical extent of his injury given that he accepted a settlement and signed a release for any cause of action based thereon. Neither does Kelly allege any misconduct by Milwaukee Road such as that they sent him to a doctor who misrepresented the extent of his injury. (*Louisville & N.R. Co. v. Disspain*, 275 F.2d 25 (6th Cir.1960)), or represented to Kelly that he could file the claim after the reorganization (*Belton v. Traynor*, 381 F.2d 82 (4th Cir.1967)), or informed Kelly that his sole cause of action was under workmen's compensation (*Sharp v. Montour R. Co.*, 195 F.Supp. 794 (W.D.Pa.1961)), or any other form of misconduct on which Kelly could have relied in failing to file his claim prior to the bar date. Absent any averment of misrepresentation, we cannot deny an injunction against Kelly's suit on the scant assertion in his brief that Milwaukee Road committed fraud by settling Kelly's claim for $250. Plaintiff has clearly failed to plead sufficiently an action based on fraud or to present any evidence that the value of his FELA action was concealed from him. The district court should have dismissed this action as being barred by the consummation order as a FELA action and insufficiently pled as an action for fraud.

### III.

The judgment of the district court is reversed and the case remanded to the district court for an injunction barring plaintiff from pursuing his cause of action against the Soo filed in the District Court for the District of Minnesota.

O.R. Co., 135 W.Va. 183, 62 S.E.2d 806 (1951). Apparently, this Court has not chosen between the two lines of authority. See also, *Matter of Central Railroad Company of New Jersey*, 38 B.R. 686 (D.C.N.J.1983), where consummation order barred FELA claimants from pursuing claims even though they did not discover their injuries until after the reorganization.